ORPHERTS v. SMITH.

(Supreme Court, Trial Term, New York County. January 29, 1900.)

DRAFT—ACCEPTANCE BY RECEIVER—PERSONAL LIABILITY.
　　A draft was drawn on "the receiver of" a corporation, for goods purchased by him, as receiver, to carry on the business of the company, as he was authorized to do, and was indorsed: "Accepted. S., Receiver, by W., Attorney." *Held*, that such receiver was not personally liable thereon.

Action by Richard F. Orpherts against Frank Sullivan Smith on a draft accepted by him as receiver of a corporation. Judgment for defendant.

Benjamin & Loeser, for plaintiff.
C. Walter Artz, for defendant.

McADAM, J. The action is on a negotiable draft drawn upon "the receiver of the Worcester Cycle Manufacturing Co." by the Wilmot &

Hobbs Manufacturing Company, whereby the latter directed said receiver to pay to the order of the National Shoe & Leather Bank, 45 days after the date thereof, the sum of $72.85. The acceptance is in these words: "Accepted. Frank Sullivan Smith, Receiver, by Lewis F. Wilson, Attorney." The draft, after acceptance, was transferred by the payee to the Wilmot & Hobbs Company, and by that company to the plaintiff, who sues the receiver, seeking to charge him personally with the amount of the acceptance. If the draft had been drawn on the defendant by name, without the title of his office, and he had accepted it, adding to his name the title "Receiver," the designation might perhaps have been regarded as descriptio personæ merely. But the draft was addressed to the defendant by the title of his office, and was accepted by him in his representative capacity, and binds him in such capacity, for such is the form of the contract and nature of the obligation. If the receiver had been without authority to bind the cycle company he represented, there might have been ground for holding him individually, upon the legal principle that the acceptance must, in the nature of things, bind some one. But here the order of the court appointing the defendant receiver expressly authorized him to continue the business of the cycle company in such manner as the same was originally conducted, and the defendant, as such receiver, acting under this authority, ordered the goods which formed the consideration for the acceptance, and the obligation binds him in his representative capacity only. Manufacturing Co. v. Smith (Sup.) 60 N. Y. Supp. 849. The form of the draft and acceptance clearly discloses the defendant's representative character, and protects him from personal liability.

There must be judgment for the defendant.